# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Lee D. Vartan
(212) 513-3513
lee.vartan@hklaw.com

May 25, 2017

*Via ECF*

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Christopher Campos*, 16 Cr. 395 (VEC)

Dear Judge Caproni:

    We represent defendant Christopher Campos in the above-captioned action and write in response to Court's Order that Mr. Campos show cause why the Court should consider his motion for a bill of particulars, filed May 22, 2017 (ECF No. 80) (the "Bill of Particulars Motion") and his motion *in limine*, filed on May 23, 2017 (ECF No. 81) (the "701 Motion") when the pretrial and *in limine* motion deadlines were March 22, 2017 and May 11, 2017, respectively.

    With respect to the Bill of Particulars Motion, we had frankly hoped to avoid having to raise the issue with the Court. Our defense team attempted to identify the relevant wires and banks by other means, i.e. by parsing through discovery (which has been produced on a rolling basis, with thousands of pages produced in the last two weeks alone and productions continuing). When those efforts failed to identify (1) specific interstate wires connected to Mr. Campos on which the government might rely, or (2) the specific banks allegedly defrauded by Mr. Campos, we sought to resolve the issue directly with the Government. *See* Attachment 1 (Letter to Government, dated March 17, 2017). Unfortunately, the Government refused to provide any clarity. Instead, the Government pointed generally to the "voluminous discovery in this case," which it asserted "provided ample basis . . . to identify evidence of interstate wires, banks defrauded, and venue." *Cf. United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) ("The Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified."). Of course, the Government charges Mr. Campos with *substantive* counts of bank and wire fraud; undifferentiated "evidence of interstate wires [and] banks defrauded" does little to notify Mr. Campos of the specific wire transmissions and banks connected to Mr. Campos. At this late stage, it remains unclear what

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

wires in furtherance of the fraud and banks defrauded the Government seeks to attribute to Mr. Campos. We thus filed the Bill of Particular Motion on Monday, May 22nd.

With respect to the 701 Motion, it is important to bear in mind that the Government still has not disclosed its witness list or exhibits. As such, the defense necessarily remains in flux. When the Government made its most recent productions, it became increasingly clear that it would be important to have a witness who could describe the operation and management of car dealerships and the interaction between dealerships and financing entities. While we could have simply called the witness without the motion (dealing with any objection in real time), we wanted to ensure a smooth trial by allowing the Court adequate time to consider the issue. We thus filed the 701 Motion on Tuesday, May 23rd.

We apologize for any inconvenience we have caused the Court by the delayed filings, and respectfully request that the Court substantively consider Mr. Campos's motions.

Respectfully Submitted,

HOLLAND & KNIGHT LLP


/s/ Lee Vartan

Lee Vartan
*Attorney for Christopher Campos*

# Attachment 1

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Lee D. Vartan
(212) 513-3513
lee.vartan@hklaw.com

May 17, 2017

*Via Electronic Mail*

Assistant United States Attorneys Sagar Ravi and
Dina McLeod
United States Attorney's Office, Southern District
of New York
1 St. Andrew's Plaza
New York City, NY 10007

      Re:    *United States v. Alvarez et al.*, Crim. No. 16-395 (VEC)

Dear AUSAs Ravi and McLeod:

      I represent Christopher Campos in the above-captioned action. Mr. Campos is charged in a three count indictment with conspiracy to commit wire and bank fraud, one substantive count of bank fraud, and one substantive count of wire fraud.

      Both the bank fraud and wire fraud counts allege a scheme from in or about October 2012 through in or about September 2013, but are silent on the particulars of the alleged scheme. The indictment does not identify, for example, any particular e-mail, telephone call, or facsimile transmission in furtherance of the scheme connected to Mr. Campos. Nor does the indictment identify the bank victim or victims Mr. Campos is alleged to have defrauded. A review of the Rule 16 discovery in the case does not solve the mystery. We have uncovered no interstate wire sent by Mr. Campos in furtherance of the alleged scheme. Likewise, we have identified no bank that Mr. Campos defrauded. The Government's failure to identify the specific wires attributable to Mr. Campos and the alleged bank victims targeted by him makes defense of the case impossible. It also prevents the defense from making threshold jurisdictional arguments. *See, e.g., United States v. Kim*, 246 F.3d 186, 191 (2d Cir. 2001) (in wire fraud prosecution, venue is appropriate where wire is sent and received); *United States v. Korolkov*, 870 F. Supp. 60, 62 (S.D.N.Y. 1994) ("The Court of Appeals has identified four factors to be considered in determining whether a particular district has proper venue: (1) the site of the defendant's acts; (2) the elements and nature of the crime; (3) the locus of the effect of the criminal conduct; and (4) the suitability of the district for accurate factfinding."). And questions of venue are real in this case where Mr. Campos resides in New Jersey and many of the automobile dealerships implicated in the alleged scheme are also located in New Jersey.

By this letter, we ask the Government to immediately identify the specific interstate wires it intends to introduce at trial connected to Mr. Campos, as well as the specific banks allegedly defrauded by Mr. Campos.

Sincerely,

HOLLAND & KNIGHT LLP

/s/ Lee Vartan

Lee Vartan

cc: All Counsel of Record (via electronic mail)