# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Lee D. Vartan
(212) 513-3513
lee.vartan@hklaw.com

May 25, 2017

*Via ECF*

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Christopher Campos*, 16 Cr. 395 (VEC)

Dear Judge Caproni:

      We represent defendant Christopher Campos in the above-captioned action and submit this letter in response to the Government's motions *in limine*, filed on May 11, 2017 (ECF No. 71) ("Gov. Mot.").

      The Government requests pretrial rulings (1) "to permit the Government to introduce statements by Alvarez and/or Campos to a straw purchaser," (2) "to preclude the defendants from offering evidence or argument to the jury that other individuals or entities were not investigated or charged," and (3) "to preclude the defendants from cross-examining cooperating witnesses regarding certain subjects that are not probative of truthfulness and are unfairly prejudicial."[1] Gov. Mot., 1. We respond to each request, in turn, below. We first, however, note that we dispute much of the Government's "Background" section (*see* Gov. Mot., 1-4),[2] and respectfully refer the Court to the memorandum of law in support of Mr. Campos's *in limine* motion (ECF No. 69) for a complete recitation of the facts.

---

[1] The Government also sought to introduce certain evidence against co-defendant Geuris Ramos (Gov. Mot., 12), but that issue was mooted by Mr. Ramos's subsequent change of plea.

[2] The Government appears to have been somewhat careless in their factual recitation. For example, it asserts that the Shareholder Agreement of Camry Leasing, Inc. "was signed by each of the defendants" (Gov. Mot., 3), but the Complaint itself recognizes what the face of the Shareholder Agreement shows, i.e., that Mr. Campos did not sign the agreement and was not even aware of the business at the time. ECF No. 1 at p. 7, ¶ 11(f).

I.  **The Statements At Issue Were Not Made During The Course Of The Alleged Conspiracy So Mr. Alvarez' Statements Are Not Admissible Against Mr. Campos.**

The Government asserts that recordings of certain meetings and phone calls between "Straw Purchaser-3" and Mr. Alvarez and/or Mr. Campos are admissible against both Mr. Alvarez and Mr. Campos under the co-conspirator statement exclusion to the hearsay rule (Fed. R. Evid. 801(d)(2)(E)). However, as the Government recognizes, "[t]o admit a statement under Rule 801(d)(2)(E), the Court must find by a preponderance of the evidence '(a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that that statement was made <u>during the course of</u> and in furtherance of the conspiracy.'" See Gov. Mot. 7-9 (quoting *United States v. Coppola*, 671 F.3d 220, 246 (2d Cir. 2012)) (emphasis added). Even assuming *arguendo* that the other requirements are satisfied, it is clear that the statements—made "in or about February 2014 and in or about May 2014" (Gov. Mot., 4)—were not made "during the course of" the alleged conspiracy, which, according to the Government, ended "in or about September 2013" (ECF 31 [Indictment], at ¶ 1). Rule 801(d)(2)(E) is thus inapplicable, and the recorded statements of Mr. Alvarez and "Straw Purchaser-3" are inadmissible against Mr. Campos.

Related, the Government has not yet identified the particular recordings it seeks to admit into evidence. *See* Gov. Mot., 11 n.2. Once identified, Mr. Campos reserves his right to file a motion pursuant to Fed. R. Evid. 106.

II. **The Government Misconstrues Mr. Campos's Argument Regarding Guilty Parties.**

Asserting that Mr. Campos's pretrial motion "repeatedly points to other individuals that were 'spared prosecution,'" the Government next argues that "the Court should preclude evidence or argument that speculates why other individuals are not being investigated, charged, or on trial." Gov. Mot., 13. The Government appears to misconstrue Mr. Campos's argument. To be clear, Mr. Campos's argument is not about the vagaries of prosecutorial discretion. Rather, Mr. Campos intends to show that he is innocent, and, to the extent any crime was committed, it was committed by others, including the dealerships who have a long history of falsifying/forging documents without customer knowledge and the unmistakable financial incentive to do so. There is, of course, nothing improper about arguing that the Government is prosecuting the wrong man. To the extent the Government contends otherwise, its motion must be denied.

III. **Mr. Campos Does Not Intend To Cross-Examine Government Witnesses Regarding The Incidents Noted In The Government's Motion And Understands That The Government Will Not Cross-Examine Him Regarding Any Similar Incidents.**

In its final point, the Government seeks to preclude the Defendants from "cross-examining (1) CW-1 and CW-3 regarding prior incidents of drunk driving and convictions for driving under the influence ("DUI"); (2) CW-3 regarding an arrest for a domestic violence incident and a felony conviction for criminal possession of an unlicensed weapon; and (3) CW-3 for his prior use of an

escort service." Gov. Mot., 15. Mr. Campos has agreed not to raise these incidents at trial, and, in return, the Government has agreed not raise any similar incidents involving Mr. Campos.

Mr. Campos does not yet know the identity of the Government's witnesses, but he explicitly reserves his right to cross-examine them regarding other past acts or incidents to the extent they are probative of truthfulness or otherwise relevant to an issue in the case.

Respectfully Submitted,

HOLLAND & KNIGHT LLP

/s/ Lee Vartan

Lee Vartan
*Attorney for Christopher Campos*

cc: Dina McLeod (via ECF)
Assistant United States Attorney

Sagar Ravi (via ECF)
Assistant United States Attorney