# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Lee D. Vartan
(212) 513-3513
lee.vartan@hklaw.com

May 26, 2017

*Via ECF*

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Christopher Campos*, 16 Cr. 395 (VEC)

Dear Judge Caproni:

      We represent defendant Christopher Campos in the above-referenced action and write seeking relief in connection with the Government's eleventh-hour production of several statements by Mr. Campos.

      On May 12, 2017, nearly eight months after the Government informed the Court and Mr. Campos that it had turned over all discovery to the Defendants (*see* Dkt. 9/23/2016 Minute Entry) and just weeks before the scheduled trial date, the Government produced, for the first time, an hour and 12 minute recording of what appears to be part of a conversation—predominately in Spanish—between Mr. Campos and several other individuals (the "Recording").

      The Recording both begins and ends abruptly, mid-conversation. It is unclear who made the Recording, and, when asked when the Recording was made, the Government could provide no clear answer, stating only, "we believe the recording was made in or about the first half of 2013." Suffice to say, there are serious authenticity and admissibility issues surrounding the Recording.

      More troubling, however, is the Recording includes Mr. Campos's statements—the very heart of Rule 16 discovery and evidence the Second Circuit has explained is of "vital importance to the defense." *United States v. Percevault*, 490 F.2d 126, 129-30 (2d Cir. 1974) ("Common sense and judicial experience teach that a defendant's prior statement in the possession of the government may be the single most crucial factor in the defendant's preparation for trial."); *see also United States v. Padrone*, 406 F.2d 560, 561 (2d Cir. 1969); *United States v. Thomas*, 239 F.3d 163, 166-67 (2d Cir. 2001) ("Rule 16 obliges the government to produce 'any relevant written or recorded statements made by the defendant,' giving the defendant 'virtually an absolute right to his own statements.'" (citation omitted)); Fed. R. Crim. P. 16(a)(1)(B).

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

May 26, 2017
Page 2

And, unfortunately, the late disclosure of the Recording appears to be part of a larger pattern of conduct. Specifically, last Friday (approximately two weeks before trial), the Government produced, for the first time, another statement by Mr. Campos—this time an e-mail, which also happens to be *Brady* material, from Mr. Campos to (presumed) Government cooperator, Norberto Taveras. Notably, we pointed out to the Government that it had only produced selected e-mails from Mr. Taveras (and we demanded the remaining e-mails) over two months *before* the Government produced this e-mail. *See* Attachment 1; *see also United States v. Stein*, 488 F. Supp. 2d 350, 360-64 (S.D.N.Y. 2007) (holding that documents in a corporation's files were in the Government's possession, custody, or control for Rule 16 purposes because the corporation had a cooperation agreement with the Government). These late disclosures make Mr. Campos wonder what else might suddenly appear in the coming days. They also leave him profoundly troubled. In an investigation that literally spanned years, and presumably involved multiple debriefs with the Government's cooperating witnesses, how is the Government just now stumbling upon, in one case, an incomplete and undated recording and, in the second, an e-mail that supports what has been Mr. Campos's constant refrain—that he only provided truthful and accurate information to dealerships.

In short, the pattern of late disclosures suggests either that the Government is conducting a haphazard investigation or that it is purposefully withholding evidence. In either case, the Recording must be excluded.[1] *See United States v. Salameh*, 142 F.3d 88, 130 (2d Cir. 1988) ("A district court has broad discretion in fashioning a remedy for the government's violation of its obligations under Rule 16(a), including ordering the exclusion of evidence."). Alternatively, Mr. Campos respectfully requests a threshold hearing to determine the authenticity and admissibility of the Recording. *See, e.g., United States v. Knohl*, 379 F.2d 427, 440 (2d Cir. 1967) ("[T]ape recordings are susceptible to alteration and . . . they have persuasive, sometimes a dramatic, impact on a jury" so "[i]t is therefore incumbent on the Government to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings."); Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible.").

Respectfully Submitted,

HOLLAND & KNIGHT LLP

/s/ Lee Vartan

Lee Vartan
*Attorney for Christopher Campos*

---

[1] We do not yet know whether the Government intends to utilize the Recording, but we presume it does.