USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
UNITED STATES OF AMERICA,

-against-

CHRISTOPHER CAMPOS,

        Defendant.
------------------------------------------------------------- X

16-CR-395 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

  Following a jury trial, Defendant Christopher Campos was convicted of conspiracy to commit bank and wire fraud, bank fraud, and wire fraud, in violation of 18 U.S.C. §§ 1349, 1344, and 1343. Mr. Campos has moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33. For the following reasons, the motion is DENIED.

**<u>Rule 29 Motion</u>**

  Mr. Campos moves pursuant to Rule 29, contending under several theories that there was not sufficient evidence at trial to sustain his convictions. The Government responds that the evidence was more than sufficient. The Court agrees with the Government.

  A defendant challenging the sufficiency of the evidence pursuant to Rule 29 "bears a heavy burden." *United States v. Vilar*, 729 F.3d 62, 91 (2d Cir. 2013) (quoting *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012)). A conviction must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A judgment of acquittal is warranted "only if the evidence that the defendant committed the crime alleged is nonexistent or so meager

1

that no reasonable jury could find guilt beyond a reasonable doubt." *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013) (quoting *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004)).

In considering the sufficiency of the evidence, the Court must view the evidence "in its totality, not in isolation" and "in the light most favorable to the [G]overnment." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). All inferences and issues of credibility must be resolved in favor of the Government. *United States v. Zayac*, 765 F.3d 112, 117 (2d Cir. 2014). A guilty verdict may be based entirely on circumstantial evidence, and "the Government is not required to preclude every reasonable hypothesis which is consistent with innocence." *Id.* (quoting *United States v. Ogando*, 547 F.3d 102, 107 (2d Cir. 2008) (internal quotation marks and citation omitted)). In general, "the court must be careful to avoid usurping the role of the jury." *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). "[T]he task of choosing among competing, permissible inferences is for the jury, not for the reviewing court." *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013) (internal quotation marks and citation omitted).

Mr. Campos first argues that there was insufficient evidence at trial to prove intent to defraud and that "there was so much clear and direct evidence that Mr. Campos acted in good faith." Mem. 6.[1] The Court disagrees. There was overwhelming evidence at trial supporting Mr. Campos' intent to defraud: among other things, the evidence established that Mr. Campos knew that certain straw purchasers (Susan Austin, Janina Pedroza, his wife, and his brother) were representing in loan applications that they would use the cars for their personal use when the cars instead were going to be used as livery cabs, and Mr. Campos knew that the straw purchasers did

---

[1] The Court uses the following abbreviations herein: Mr. Campos's brief in support of his motion is "Mem." (Dkt. 125); the Government's opposition brief is "Opp." (Dkt. 142); and the trial transcript is "Tr."

not have the resources to make the loan payments for the cars they purchased as part of the scheme.

Mr. Campos argues that there was "almost no evidence that Mr. Campos did not act in 'good faith'" because, *inter alia*: it was "undisputed" that Mr. Campos "would have himself invested in the business but for his poor credit history"; Mr. Campos introduced his family and friends to the "business"; and Mr. Campos returned or attempted to return the straw purchasers' cars to the dealership. Mem. 1–2. Whether Mr. Campos acted in good faith is a classic question of fact within the province of the jury. *See United States v. Rea*, 958 F.2d 1206, 1221–22 (2d Cir. 1992) ("Matters of the choice between competing inferences, the credibility of the witnesses, and the weight of the evidence are within the province of the jury, and we are not entitled to second-guess the jury's assessments."). There was ample evidence at trial for the jury to reasonably find that Mr. Campos was not acting in good faith. The jury could reasonably find that Mr. Campos recruited his creditworthy family and friends in the fraud because he understood that banks were more likely to extend credit in the form of car loans to people with good credit. A jury also could reasonably find that Mr. Campos knew the straw purchasers' credit was important to the bank precisely because the banks were relying on the creditworthiness of the purchasers to make their underwriting decision whether to extend the loans. Because Mr. Campos freely acknowledged that there was never any intent for the straw purchasers to actually repay the loans, a jury could easily conclude that he participated in this scheme with fraudulent intent.

Mr. Campos also argues that there was a "variance" between the Indictment, which charged a single conspiracy, and the Government's proof at trial, which according to Mr. Campos established multiple conspiracies connected through Julio Alvarez. Mem. 6–8. The

3

evidence at trial established that Mr. Campos was a member of the conspiracy charged in the Indictment and that he took actions in furtherance of that conspiracy. A jury could reasonably find that Mr. Campos, Mr. Alvarez, and the complicit car dealerships were all part of the same, single conspiracy, and that, unlike the case on which Mr. Campos relies, *United States v. Sieger*, No. SS84 Cr. 158-CSH, 1985 WL 565, at *9 (S.D.N.Y. April 19, 1985), Mr. Campos knew or had reason to know of the other straw purchasers and straw purchases by other co-conspirators, even if he did not know in detail all of the particulars of their participation.

In any event, even if the Government did prove multiple conspiracies at trial, Mr. Campos has failed to establish, and the Court does not find, that he suffered any prejudice (let alone substantial prejudice) from such proof. Mr. Campos claims, *ipse dixit*, that the variance "worked a substantial prejudice on Mr. Campos" and that the Government "magnif[ied] the role of Chris Campos in the purported conspiracy to convict him on the size of the loss rather than the strength of the evidence against him." Mem. 8. This argument is conclusory and does not establish substantial prejudice. In any event, the Court finds as discussed *supra* that there was overwhelming evidence at trial to sustain Mr. Campos' guilty convictions. *See United States v. Geibel*, 369 F.3d 682, 692–93 (2d Cir. 2004) ("When a defendant is charged with a single conspiracy among multiple members, and the proof at trial shows that he conspired with some, but not all, of those members, the variance is subject to the harmless error rule. In order to merit reversal, the variance must have caused the defendant substantial prejudice at trial." (citation and internal marks omitted)).

Mr. Campos also argues that the misrepresentations that were made on car loan applications to lending banks were not material because "the lending banks did not truly care about the misrepresentations at the heart of this case." Mem. 11. Mr. Campos' argument ignores

the record and defies common sense. Christopher Sellarole and Kenneth Moncayo, witnesses from the defrauded banks, credibly testified that whether a vehicle was going to be used for personal or commercial use was relevant to the bank's decision whether to finance the purchase. These witnesses also testified that the name of the person whose credit was being evaluated, the address at which the car would be located, and the number of cars being purchased at the same time was relevant to the bank's decision whether to extend a loan. In the face of that evidence, the jury could reasonably find that the misrepresentations on the loan application were material.

Lastly, Mr. Campos argues that the Government did not prove venue on the wire fraud count. Mem. 11. The Court disagrees. The evidence at trial established that Mr. Alvarez's business was located in Manhattan, in the Southern District of New York, and that Mr. Campos himself sent one or more wire communications in furtherance of the fraud to Mr. Alvarez at his business. *See* Tr. 928 (Mr. Campos faxed Ms. Pedroza's credit application to Mr. Alvarez's business). Moreover, because Alvarez's business was in Manhattan, it was reasonably foreseeable to Mr. Campos that wire communications in furtherance of the fraud would go into and out of the Southern District of New York. *See United States v. Bahel*, 662 F.3d 610, 641–42 (2d Cir. 2011); *see also United States v. Kim*, 246 F.3d 186, 192–93 (2d Cir. 2001). In short, the jury could reasonably find by a preponderance of the evidence that Government proved venue for the wire fraud count in the Southern District of New York.

In sum, there was sufficient evidence for a reasonable jury to conclude that Mr. Campos committed the crimes of wire fraud, bank fraud, and conspiracy to commit bank and wire fraud. Therefore, Mr. Campos' Rule 29 motion for a judgment of acquittal is DENIED.

5

**Rule 33 Motion**

Mr. Campos also moves for a new trial pursuant to Rule 33, arguing that certain of the Court's evidentiary rulings are "extraordinary circumstances" that warrant a new trial. The Government argues that the Court correctly decided the challenged evidentiary rulings and that there was overwhelming evidence at trial supporting Mr. Campos' guilty convictions. The Court again agrees with the Government.

Pursuant to Rule 33, the Court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. But the Court must exercise this authority "sparingly." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (citation omitted). Motions for new trials are granted in only "the most extraordinary circumstances," *id.*, and only if the Court finds "a real concern that an innocent person may have been convicted." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). If the Court is satisfied that "competent, satisfactory and sufficient evidence" in the record supports the guilty verdict, then the motion for new trial must be denied. *Id*.

Mr. Campos argues that the Court erred in not admitting all of the recorded conversations between by Susan Austin and Mr. Campos that the Court improperly excluded evidence because of "the Court's too parsimonious definition of relevance." Mem. 12–13. These evidentiary rulings were correct for the reasons already provided by the Court at the time of the rulings. *See* Dkt. 111; Tr. 1043–67, 1162–65. Mr. Campos, in essence, is seeking to "use Rule 33 as a vehicle to relitigate pretrial rulings with which he disagrees," but he fails to show that these rulings "greatly prejudiced [him] so as to give rise to a concern that an innocent person may have been convicted." *See United States v. Flom*, No. 14-CR-507 (RRM), 2017 WL 2559124, at *14 (E.D.N.Y. June 13, 2017) (internal quotation marks and citation omitted). In any event, the

6

Court finds, as discussed *supra,* that the evidence at trial was more than sufficient to sustain Mr. Campos' guilty convictions and that there is no concern that an innocent person was convicted in this case. Therefore, Mr. Campos' Rule 33 motion is DENIED.

## CONCLUSION

For the foregoing reasons, Mr. Campos' motion for judgment of acquittal or, in the alternative, for a new trial is DENIED.

The Clerk of Court is respectfully directed to terminate Docket Entry No. 124.

**SO ORDERED.**

**Dated: October 3, 2017
New York, NY**

_____
**VALERIE CAPRONI
United States District Judge**